Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRET & SUSAN HAUETER,<br><br>Plaintiffs,<br><br>v.<br><br>LVNV FUNDING, INC. & CONSTANTINO LAW OFFICE, P.C.,<br><br>Defendants. | **COMPLAINT**<br><br><br>Case No: 2:11-cv-00661-SA<br><br><br>**JURY TRIAL DEMANDED** |

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

### II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

### III. PARTIES

3. Plaintiff, Bret and Susan Haueter ("Plaintiffs"), are each a natural person residing

1

in Salt Lake County, Utah.

4. Defendant, LVNV Funding, Inc. & Constantino Law Office, P.C., ("Defendant LVNV") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant LVNV regularly attempts to collect debts alleged due another.

5. Defendant, Constantino Law Office, P.C., ("Defendant Constantino") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant Constantino regularly attempts to collect debts alleged due another.

### IV. FACTUAL ALLEGATIONS

6. Defendants are each a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. Plaintiffs are each a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

8. All activities of Defendants set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

9. Within the last year, Defendants took multiple actions in an attempt to collect a debt from Plaintiffs. Defendants' conduct violated the FDCPA in multiple ways, including the following.

10. Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, including failing to correctly notify Plaintiff of his rights pursuant to disputing the debt. Defendant Constantino sent an initial letter attempting to apprise Plaintiff of his right to dispute dated May 2, 2011. The letter, however, does not specify that Plaintiff's dispute must be in writing in order to be entitled to validation of the debt, the disclosure is incomplete. According to the disclosure, Plaintiff

2

could obtain validation by a mere oral notice of dispute. Because Plaintiff does not have a legal right to validation unless the notice of dispute is in writing, the notice is materially insufficient (§ 1692g(a));

11. Falsely representing the character, amount, or legal status of Plaintiff's debt, including Defendant LVNV, making inconsistent balance statements to Plaintiff. Defendant LVNV sent a letter to Plaintiff dated April 16, 2011, through its agent, Brachfeld & Associates. The letter stated a balance of $2,409.60. Defendant Constantino then sent a letter dated May 2, 2011, which stated a balance of $2,570.04. On information and belief, these balances are inconsistent, or the interest rate listed in the May 2 letter, is incorrect. The May 2 letter states that the interest is 10%. However, $161 was added to the balance between April 16, 2011, and May 2, 2011. In order for that amount of interest to accrue in 2 weeks, the interest rate would need to be much greater than 10% (§ 1692e(2)(A)); (§ 1692e(10)).

12. As a result of the aforementioned violations, Plaintiffs suffered and continue to suffer injuries to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13. Defendants intended to cause, by means of the actions detailed above, injuries to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14. Defendants' actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

15. To the extent Defendants' actions, detailed in paragraphs above, were carried out by an employee of either Defendant, that employee was acting within the scope of his or her

employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiffs reincorporate by reference all of the preceding paragraphs.

17. The preceding paragraphs state a *prima facie* case for Plaintiffs and against Defendants for violations of the FDCPA, §§ 1692g & 1692e.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

## PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY

Dated this 18th of July, 2011.

TRIGSTED LAW GROUP, P.C.

Joshua Trigsted
*Attorney for the Plaintiff*